IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOM McMILLIN,

    Plaintiff,

v.

FOSTER CITY; FOSTER CITY POLICE DEPARTMENT; DOUGLAS NIX; PIERRE MORRISON; and DOES 1–40,

    Defendants.

No. C 11-03201 WHA

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this Section 1983 action, wherein final judgment has been entered, defendants now move for attorney's fees and sanctions pursuant to Rule 11 and 42 U.S.C. 1988. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

The background of this action has been described in a prior order (Dkt. No. 38). Briefly, as alleged, plaintiff Tom McMillin has been a security officer for over twenty-five years and has owned a private security company for over twenty years. He has been licensed to carry firearms throughout this time (First Amd. Compl. ¶ 40).

In October 2006, plaintiff heard what seemed to be a gunshot hit his home in Foster City and saw a group of individuals carrying what appeared to be a rifle and a handgun. He contacted the Foster City police to report the incident, and then proceeded to the park across the street

where the group was headed. Plaintiff wore a "tactical vest with proper identification." When he "ran into" the subjects, he detained them until the police arrived. The subjects' firearms were found to be "a bb gun, pellet gun, and two air-soft gun-like firearms designed to resemble lethal firearms" (*id*. ¶¶ 23–26).

One year later, plaintiff was named in a criminal complaint arising out of the above-described incident and was required to surrender all of his firearms. The criminal complaint alleged 21 counts but was dismissed when plaintiff pled no contest to one count of disturbing the peace. After the criminal matter was over, the Foster City police chief conducted an internal investigation into plaintiff's accusations about police misconduct, and plaintiff received a letter of apology. Plaintiff took this information to the state trial court and his probation was terminated. The state trial court also overturned plaintiff's no-contest plea and dismissed the charge (*id*. ¶¶ 27–29).

Shortly thereafter, plaintiff filed a civil complaint in state court against Foster City and several officers for the events described above. The superior court sustained defendants' demurrer in part and overruled in part. On appeal, the superior court was ordered to sustain the general demurrer in its entirety without leave to amend because the claim was untimely. *City of Foster City v. Superior Court*, No. Civ 487543, 2010 WL 4493422, at *5 (Cal. Ct. App. Nov. 10, 2010).

A few months later, plaintiff filed a complaint herein for claims arising out of conduct that occurred *after* the state civil lawsuit was dismissed, namely, a report allegedly made to the state private-security licensing agency about the events described above. Plaintiff alleged that this report was made by a "person or persons, the identity(ies) of whom Plaintiff remained unaware, acting in concert with and/or at the behest of [d]efendants," in retaliation for his "having sued Foster City and its officers, and for having complained about the individual officers' conduct" (*id*. ¶¶ 7, 30–32).

Two months ago, defendants' motion to dismiss was granted pursuant to Rule 12(b)(6). The dismissal order held that the complaint's factual allegations as to the retaliation claims that were not subject to claim preclusion and statute of limitations considerations were insufficient

1   to maintain an action under Section 1983 because (1) the filing of the report to the state agency
2   constituted activity protected under the *Noerr-Pennington* doctrine, (2) the allegations failed to
3   support a plausible inference that defendants were responsible for the report, and (3) plaintiff's
4   claims were not ripe for adjudication (Dkt. No. 38 at 6). Although plaintiff was allowed to seek
5   leave to amend, plaintiff did not seek leave to amend, and accordingly, final judgment in favor
6   of defendants was ordered (Dkt. No. 42). Defendants now move for an award of attorney's fees
7   and sanctions pursuant to Rule 11 and 42 U.S.C. 1988.

## ANALYSIS

Under 42 U.S.C. 1988, a court has discretion to award attorney's fees to a prevailing defendant in a civil rights lawsuit if the court finds that the plaintiff's action is frivolous, unreasonable, or without foundation. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). An action is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court should award attorney's fees to defendants under Section 1988 only in exceptional circumstances. *Mitchell v. Los Angeles Comm. College Dist.*, 861 F.2d 198, 202 (9th Cir. 1988) (citing *Mitchell v. Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986)).

Rule 11 requires counsel to sign every pleading, written motion, or other paper presented to the court. Counsel's signature is a certification that "to the best of the person's knowledge, information, and belief," the paper is not baseless or meant to further "any improper purpose" and was submitted "after an inquiry reasonable under the circumstances." A party moving for Rule 11 sanctions bears the burden of establishing non-compliance. *Tom Growney Equipment, Inc. v. Shelley Irr. Development, Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). Fees can be sought under Rule 11(c)(1), which provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." Subdivision (c)(4) permits monetary sanctions "to deter repetition" and "reasonable attorney fees."

Our court of appeals has held that under the "frivolousness prong" of Rule 11, an attorney may be sanctioned for failing to conduct a reasonable pre-filing inquiry if the filing at issue lacks merit. The court explained that Rule 11 sanctions apply only to "a filing that is both

3

baseless and made without a reasonable and competent inquiry." *In re Keegan Mgt. Co. Sec. Lit.*, 78 F.3d 431, 434 (9th Cir. 1995).

### 1. AN AWARD FOR ATTORNEY'S FEES IS NOT WARRANTED.

Defendants argue that plaintiff's action was frivolous as it lacked any facts or law to support the underlying allegations. Although plaintiff's complaint was dismissed pursuant to Rule 12(b)(6), the Supreme Court has held that "a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit." In doing so, the Supreme Court explained that "not all unsuccessful claims are frivolous." *Neitzke*, 490 U.S. 319 at 329 (citing *Brower v. County of Inyo*, 489 U.S. 593, 109 (1989)).

Defendants cite to no dispositive authority in support of its argument that plaintiff's action should be deemed frivolous. Merely pointing to the prior order granting defendants' motion to dismiss, without any explanation as to why plaintiff was aware of his action's lack of merit, does not satisfy defendants' burden of revealing "exceptional circumstances." *Mitchell*, 861 F.2d at 202. Furthermore, defendants' argument that plaintiff "belligerently proceeded onward and offended Rule 11" by choosing to ignore defendants' warnings via letter correspondence is untenable (Dkt. No. 43; Exhs. A, B, C). By itself, not heeding advice of *opposing* counsel, in an adversarial system, hardly constitutes "exceptional circumstances."

Defendants cite to *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646 (9th Cir. 1988) as controlling precedent; however, *Mir* is not analogous. In *Mir*, a doctor filed a complaint in state court and sought a writ of mandate regarding the denial of his application for cardiac surgery privileges at a hospital. The complaint was denied so the doctor appealed to the California appellate court, but the appeal was dismissed. *Id.* at 648. The doctor then filed a federal action and added claims for relief under Section 1983. The district court sustained the hospital's motion to dismiss on the grounds that the action (1) failed to comply with the statute of limitations, and (2) was barred by res judicata. The district court granted defendant's request for Rule 11 sanctions. *Ibid*. On appeal, our court of appeals affirmed the motion to dismiss and defense attorney's award and explained:

> [The doctor] alleges the same factual matters which were presented to the California courts. His federal civil rights claims relate to the

4

> same 'primary right' — the 'right,' or more precisely the privilege, to practice cardiac surgery at the Hospital — presented in his petition for a writ of mandate. The violation of one primary right gives rise to only one claim for relief. By invoking . . . Section 1983 . . . [the doctor] has merely presented a new legal theory upon which he seeks recovery. The state court judgment is final. Thus, [the doctor] is precluded from relitigating issues that were raised or could have been raised in his state court action.

*Mir*, 844 F.2d at 651–52.

In contrast to *Mir*, here, the factual matters presented in plaintiff's federal action were not identical to those presented in superior court. The prior order herein found that plaintiff alleged additional facts in his federal complaint that did more than propose an alternate theory of recovery and raised claims that could not have been litigated in the state-court civil lawsuit (Dkt. No. 38 at 9). The additional factual allegations described the alleged report made to the state- licensing agency; this report was allegedly made to the state agency *after* the dismissal of the state court action and was, therefore, not precluded (*ibid.*). In granting defendants' motion to dismiss, it was determined that "while claim preclusion and statute of limitations considerations" significantly limited the complaint's scope, "[they] [did] not entirely defeat plaintiff's complaint." (*id*. at 6).

Although the previous order determined that the remaining retaliations claims comprising plaintiff's complaint were insufficient to maintain a Section 1983 claim, the dismissal was not based solely on considerations of statute of limitations and res judicata. Accordingly, *Mir* is not dispositive and defendants' motion for attorney's fees is **DENIED**.

### 2. ATTORNEY SANCTIONS ARE NOT WARRANTED.

Defendants contend that plaintiff's counsel should be sanctioned pursuant to Rule 11(c)(1). Given this order's finding that plaintiff's claims against defendants were not frivolous, unreasonable, or groundless, this order declines to require plaintiff's counsel to show good cause for why they should not be sanctioned under Rule 11. Accordingly, defendants' motion for sanctions is **DENIED**.

## CONCLUSION

This is a sad instance in which a citizen evidently tried to do a good deed in the benefit of the safety of the community keeping criminals at bay until the police arrived. The citizen

wound up being punished by the police. This may be the kind of story that discourages the public from "getting involved" in stopping crime. For legal reasons, the Court had to dismiss the citizen's complaint but to make him pay attorney's fees after all the system has put him through would be an injustice. This motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 8, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE