IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOM MCMILLIN,

    Plaintiff,

v.

FOSTER CITY, FOSTER CITY POLICE DEPARTMENT, DOUGLAS NIX, PIERRE MORRISON, and DOES 1–40,

    Defendants.

    /

No. C 11-03201 WHA

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

## INTRODUCTION

This order holds that plaintiff did not file his motion to set aside a final judgment within the one year limitation under Rule 60(c). Plaintiff's motion is **DENIED**.

## STATEMENT

Plaintiff Tom McMillin owned and operated a private, armed security company. In October 2006, plaintiff heard what seemed to be a gunshot near his house in Foster City. He saw a group of six or seven individuals carrying what appeared to be a rifle and a handgun. He contacted the Foster City police to report the incident. Plaintiff then detained the individuals until the police arrived. The police found the firearms were found to be "a bb gun, pellet gun, and two air-soft gun-like firearms designed to resemble lethal firearms" (Dkt. No. 26 ¶¶ 23–26). One year later, the San Mateo County District Attorney's Office and Foster City Police Department filed a criminal complaint alleging 21 counts against plaintiff in connection with

the above described events.  The Bureau of Security & Investigative Services assured the deputy district attorney that a no-contest plea would not impact plaintiff's license to carry a firearm and private patrol operator's license.  Plaintiff relied on their assurances.  Plaintiff subsequently pled no contest to one count of disturbing the peace (a new charge).  The District Attorney's Office then dropped the other 21 counts against plaintiff.  The California state trial court eventually overturned plaintiff's no-contest plea and all charges were therefore dismissed (Dkt. Nos. 26 ¶¶ 27–29; 53 ¶¶ 4–5, 26).

In 2009, plaintiff, represented by counsel, filed a civil action against Foster City and several police officers in state court.  The trial judge dismissed the case in full.  The Court of Appeal affirmed (Dkt. No. 26 ¶ 30).

In June 2011, plaintiff, represented by counsel, filed the instant action against defendants Foster City, a municipal corporation operating and existing under the laws of the State of California, Foster City Police Department, Officers Douglas Nix and Pierre Morrison, and other individuals of the Foster City Police Department.  The complaint alleged one claim under 42 U.S.C. § 1983 (Dkt. Nos. 26).  Defendants moved to dismiss the claim (Dkt. No. 32).  In July 2012, the undersigned dismissed the complaint in full on grounds of preclusion, statute of limitations, failure to state a claim, and lack of ripeness (Dkt. No. 38).  The order gave plaintiff fourteen days to move for leave to file an amended complaint (*ibid.*).  After plaintiff failed to act within the deadline, defendants moved to dismiss the action and for entry of judgment (Dkt. No. 39).  An order then issued plaintiff to show cause for failure to comply with the prior order's deadline (Dkt. No. 40).  Plaintiff again failed to respond.  An order subsequently dismissed plaintiff's action for failure to comply with the order.  Final judgment entered in favor of defendants in September 2012 (Dkt. Nos. 41, 42).

Separately, in 2010, the Bureau of Security & Investigative Services began investigating plaintiff.  The details of the investigation remain unclear to this order.  After the investigation ended, in October 2012, the Bureau sought to revoke plaintiff's professional licenses based on his no-contest plea in 2008.  The Bureau and plaintiff came to an agreement to place plaintiff's licenses on probationary status and for plaintiff to pay $5,400 as a fine (Dkt. No. 53 ¶¶ 6, 27).

2

From 2013 through 2019, plaintiff filed several petitions for writs of error coram nobis and vobis in state court to vacate the judgment and set aside his no-contest plea. The trial court and the California Court of Appeal for the First District denied all of his petitions. The Supreme Court of California likewise denied his petition in July 2019 (Dkt. No. 53 ¶¶ 7–9).

Plaintiff now moves in *propria persona* to set aside final judgment entered against him (Dkt. No. 53). Plaintiff claims he learned new facts regarding the status of his license in 2012. Plaintiff asks this Court to set aside and vacate the criminal judgment in the state court and to re-open this case (Dkt. No. 53 at 15). Defendants oppose. Defendants also request judicial notice (Dkt. Nos. 55; 55-1).

**ANALYSIS**

*First*, this order **DENIES** defendants' request for judicial notice. Defendants' request for judicial notice includes plaintiff's original and amended complaint, the order to show cause, and judgment. All of which are available through the Court's ECF docket.

*Second*, this order holds that plaintiff did not file his motion to set aside final judgment within the one year limitation required by Rule 60. To seek relief from judgment, order, or proceeding, Rule 60(c) requires that "the motion be made within a reasonable time." If relief is sought due to a mistake, newly discovered evidence, or misrepresentation by the opposing party, then the motion must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*.

Here, this Court entered judgment in September 2012. The Bureau placed plaintiff's licenses on probation in 2012. Plaintiff learned about the defendants' failure to uphold their assurance that his licenses would not be affected in 2012. Plaintiff sat on his hands for seven years before filing the current motion in 2019. This delay is neither reasonable nor within one year. Plaintiff never explains why he waited so long to file the instant motion.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to set aside judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE